Milligan, J.,
delivered the opinion of the Court.
This is an action brought in the Circuit Court of Bedford County, by the defendants in error, to recover damages from the railroad company for killing a stallion, and other stock, on the road. There was *403 verdict and judgment in favor of the plaintiff below, and an appeal to this Court. The bill of exceptions, shows, that, after the plaintiff had closed his testimony, the defendants offered as witnesses, the engineer, conductor, and one of the brakesmen, who were on the train at the time the stock was killed, but neither of whom was then in the employment of the company. Objections were made to the competency of these witnesses, and thereupon the defendants produced a release, executed by the company, discharging said witnesses from all liability, on account of any damages which might be recovered by the plaintiff against the company.
The Court sustained the objection, and refused the testimony. The defendant then offered to introduce an agent of the company, who had nothing to do with the running of the trains, and also the local depot agent, at Bellbuckle. Objections were made to the competency of these witnesses, which were, in like manner, sustained by the Court, and the witnesses rejected.
These facts present the only question raised in the record. It is insisted, that the Code (Title 8, ch. 4, art. 1) excludes all engineers, agents, and employes' of the company; and we are called upon to construe this clause of the Statute. Section 1166, in order to prevent accidents upon railroads, declares, that certain precautions shall be observed; and in the two succeeding sections, the liability of railroad companies failing to observe, or cause to be observed by their agents and servants, these precautions, are defined; and in sec *404 tion 1109, it is declared, that “When a railroad company is sued for killing or injuring stock, the burden of the proof that the accident was unavoidable, shall be upon the company; and the engineer, agent, or employe of the company, shall, in no case, be a witness for it.”
How is this provision of the Statute to be understood? Is it to be interpreted so as to exclude, as witnesses, in all actions against railroad companies, for killing or injuring stock, all engineers, agents, or employes of the company; or is it to be limited to those who had the control and management of the train at the time the accident occurred? Were the question an open one in this State, we should certainly feel it presented more difficulties than it now does. It came directly before this Court, in the case of the Memphis & Ohio Railroad Company vs. Horn, 1 Caldwell, 71, in which the whole question was most elaborately and ably discussed, by , Judge Wright.
The opinion, it is true, was not unanimous; but we have carefully revised it, and the authorities referred to in support of it, and feel no hesitation in recognizing it as the law, and a just and reasonable interpretation of the Statute.
In this opinion, it is correctly decided, that, by the terms of the Statute, as well as the recognized principles of the common law, where it has been established by evidence, on the part of the plaintiff, that his stock has been killed or injured by the railroad company, the onus prolandi is then cast upon *405 the defendant: Christian vs. Gregg, 2 Campbell, 79; Stokes vs. Saltostall, 13 Peters, 181.
The learned Judge who delivered the opinion of the Court in the case of The Memphis & Ohio Railroad Company vs. Horn, above cited, after declaring this principle applicable to railroad companies, and citing various authorities to sustain it, says: “What, then, are we to understand by the clause, ‘and the engineer, agent, or employe of the company, shall, in no case, be a witness for it?’ Did the Legislature intend to render incompetent, all engineers, agents, and employes, whether the matter drawn in question, involved their carelessness or negligence or not, or only such as were directly interested, by means of being thus implicated? If the latter be its true meaning, as we think it is, then it simply affirms a common law principle.”
“The Statute itself,” says the Court, “upon no just rule of construction, can be held to exclude any witness, other than the particular engineer, agent, or employe, whose tortious act, (or acts, if more than one be implicated,) or carelessness and negligence, are drawn in question in the case, and in respect of which he would be liable over to the railroad company, if the latter should fail in the action.”
This construction of the Statute, we think, is conclusive of the cáse now under consideration. It follows, as a corollary, that the Circuit Judge erred, both in excluding the engineer, conductor, and brakes-man, after the execution of the release by the company, and also in refusing the agent and local depot *406 agent, as witnesses, who were in no way implicated in the negligence that produced the injury.
The judgment of the Circuit Court must be reversed, and a new trial awarded.
HawkiNS, J., dissenting.